FILED

DEC 1 1 2013

U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. **4:13CR505 AGF/SPM** |
| TRAVIN QUINONES, | ) ) ) |
| Defendant. | ) ) ) ) ) ) |

## INDICTMENT

### COUNT ONE

### FOOD STAMP FRAUD

The Grand Jury charges that:

**Background of the Supplemental Nutrition Assistance Program (SNAP)**

1. The United States Department of Agriculture (USDA) administers a program called the Supplemental Nutrition Assistance Program (SNAP), formerly known as the Food Stamp Program. During all relevant times alleged herein the Food Stamp Program and SNAP helped qualifying individuals and families buy food.

2. SNAP benefits are typically issued to certified recipients and encoded electronically onto Electronic Benefits Transfer cards (hereinafter referred to as "EBT cards"). The Food and Nutrition Service (hereinafter "FNS"), an Agency of the USDA, administers the SNAP.

1

FNS delegates to individual States the task of determining eligibility and certifying individual SNAP recipient's eligibility. Issued on a monthly basis to eligible applicants, SNAP benefits permit the recipient to purchase only eligible food items using EBT cards at FNS authorized retailers. The FNS authorizes certain grocery retail stores to accept SNAP EBT cards from authorized recipients for eligible food items. The SNAP EBT card system is a computer-based system through which the SNAP benefit authorization is received from a central computer through the "point-of-sale" (POS) terminal located at each individual retailer. When the recipient presents the EBT card to the retailer to pay for eligible food items, the retailer uses the POS, which electronically withdraws, or debits available SNAP benefits from the recipient's EBT card and account. The grocery retailer later receives a bank deposit credit for the value of the transaction in the retailer's designated business bank account. Payments to the grocery retailer are made through the FNS system and are paid by the United States through USDA appropriated funds.

3.  Individuals who have been convicted in a Federal or State court of a felony committed after August 22, 1996 related to illegal possession, use, or distribution of a controlled substance are ineligible for EBT food stamp benefits.

4.  A potential SNAP/food stamp recipient must disclose in an "Application for Food Stamp Benefits" or in an interview with the Missouri Department of Social Services whether they have been convicted of a drug offense after August 22, 1996.

### Defendant's Felony Drug Conviction and False Statements

5.  On or about October 5, 2000, defendant Travin Quinones (defendant) was convicted in the state of Missouri, in the 22nd Judicial Circuit Court for the City of St. Louis City, of a felony conviction related to illegal possession, use, or distribution of a controlled substance, to

wit, the charge of Possession of Controlled Substance in case number 9610003959.

6. On or about April 14, 2006, within the Eastern District of Missouri, defendant applied for SNAP/food stamp benefits in an interview with the Missouri Department of Social Services. In his interview, defendant falsely stated that he had not been convicted in a Federal or State court of a felony committed after August 22, 1996 related to illegal possession, use, or distribution of a controlled substance.

7. In or about April 2006, based in part upon defendant's false statements, defendant was approved for SNAP/food stamp benefits and began to receive these benefits.

8. On or about June 24, 2009, within the Eastern District of Missouri, defendant applied for SNAP/food stamp benefits by completing an Application for Food Stamp Benefits. In the application, defendant falsely stated that he had not been convicted in a Federal or State court of a felony committed after August 22, 1996 related to illegal possession, use, or distribution of a controlled substance.

9. In or about June 24, 2009, based in part upon defendant's false statements, defendant was again approved for SNAP/food stamp benefits and continued to receive these benefits.

10. From in or about approximately April 2006 to in or about October 2012, defendant redeemed approximately $12,490.00 in SNAP/food stamp benefits.

11. From in or about April 2006 to in or about October 2012, within the Eastern District of Missouri, the defendant, Travin Quinones, knowingly and intentionally used, transferred, acquired and possessed SNAP/food stamp benefits of a value of $5,000 or more, in a manner contrary to Chapter 51 of Title 7, United States Code, in that: defendant was not eligible to obtain

SNAP/food stamp benefits because defendant was convicted in a Federal or State court of a felony committed after August 22, 1996 related to illegal possession, use, or distribution of a controlled substance and acquired and redeemed approximately $11,580 of SNAP/food stamp.

In violation of Title 7, United States Code, Section 2024(b), and Title 18, United States Code, Section 2.

## COUNT II
### (FALSE STATEMENT)

The Grand Jury further charges that:

1. The Grand Jury re-alleges as if fully set forth herein, all of the allegations contained in paragraphs 1-10 of Count I.

2. On or about June 24, 2009, in the Eastern District of Missouri, and elsewhere,

**TRAVIN QUINONES,**

did knowingly and intentionally make a false statement of material fact relating to a matter within the jurisdiction of the United States, to wit: he stated in the Application for Food Stamp Benefits, that after August 22, 1996, defendant had not been convicted in a Federal or State court of a felony committed after August 22, 1996 related to illegal possession, use, or distribution of a controlled substance in violation of Title 18, United States Code Section 1001(a)(2).

In violation of Title 18, United States Code, Section 1001.

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
ANTHONY L. FRANKS, 50217MO
Assistant United States Attorney